UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:12-CR-101-TAV-CCS-15 |
| | ) | |
| LARA BOLTON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on the defendant's pro se motions for jail credit [Docs. 716, 724]. The defendant requests the Court to alter the judgment so as to grant her jail credit for time she served from February 16, 2012 until September 3, 2012 in the Anderson County Detention Center on state charges. She submits that the Court ordered for her sentence to be run concurrently with her state sentence.

The Court directed the government to file a response to the defendant's motion [Doc. 726]. The United States has filed a response [Doc. 731], in which it states that the Court lacks jurisdiction to alter the judgment, as the time has passed to alter the judgment under Federal Rule of Criminal Procedure 35(a), and the defendant is not alleging a clerical error based on oversight or omission, pursuant to Federal Rule of Criminal Procedure 36. Additionally, the United States submits that the defendant's prior term of imprisonment—from February 16, 2012 through August 7, 2012—was not an undischarged term of imprisonment, so the judgment [Doc. 546] does not call for it to be run concurrently with her federal sentence. The government also notes that, pursuant to

the judgment, the Bureau of Prisons has given the defendant credit for all time served since September 4, 2012 [Doc. 781 p. 2].

As this motion was filed more than fourteen days after sentencing, the Court interprets this motion to be a motion to correct the judgment. Fed. R. Crim. P. 36. Pursuant to Federal Rule of Civil Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Sixth Circuit has recognized that "a clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Robinson,* 368 F.3d 653, 656 (6th Cir. 2004) (citations omitted) (also noting that "Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court"). Like the Second and Seventh Circuits, the Sixth Circuit has noted that Rule 36 "is not a vehicle for the vindication of the court's unexpressed sentencing expectations, or for the correction of errors made by the court itself." *Id.* at 656–57 (citations omitted).

The Court notes that pursuant to the defendant's judgment, the defendant's federal sentence was to be run concurrently "with any undischarged term of imprisonment in Criminal Court, Roane County, T[ennessee] case [number] 13897 and that the defendant's federal sentence begin effective as of September 4, 2012" [Doc. 546 p. 2]. The Court finds that it cannot amend the defendant's judgment so as to grant her jail credit for time she served from February 16, 2012 until September 3, 2012 in Criminal

2

Court, Roane County, Tennessee case number 13897, as amending the judgment in this way would not qualify as the sort of clerical error amendment authorized by the Sixth Circuit under Rule 36.

Accordingly, the defendant's motions [Docs. 716, 724] are **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:12-cr-00101-TAV-CCS   Document 770   Filed 03/04/16   Page 3 of 3   PageID #: 3673