UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| LARA BOLTON, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:12-CR-101-TAV-HBG |
| | ) | 3:15-CV-209-TAV |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

The Petitioner, Lara Bolton ("Bolton"), entered a guilty plea before the undersigned to one count of drug trafficking (crack cocaine) [Doc. 162].[1] This plea was entered pursuant to a plea agreement [Doc. 155]. The Court sentenced Bolton to 126 months' imprisonment [Docs. 545, 546]. Bolton did not file an appeal.

Before the Court now is Petitioner's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 [Docs. 735, 785]. The Government has filed a response in opposition [Doc. 847].

**I.  Petitioner's § 2255 Motion**

To obtain relief pursuant to 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v.*

---

[1] All citations to the record are found on the docket in Case No. 3:12-CR-101-TAV-HBG.

*United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Petitioner presents several claims in her § 2255 motion: that her counsel was constitutionally ineffective for not filing a direct appeal; for not objecting to the sufficiency of the indictment; for not sharing discovery with her; for not objecting to a § 851 enhancement; for not explaining the plea agreement; for not investigating whether her prior felonies were misdemeanors; and for errors at sentencing.

## II. Ineffective Assistance of Counsel

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1987). *See also Huff v. United States*, 734 F.3d 600, 606 (6th Cir. 2013). First, the petitioner must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id.*, as measured by "prevailing professional norms," *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must

overcome the presumption that . . . the challenged action might be considered sound . . . strategy") (internal citation omitted).

Second, the petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691; *see also Smith v. Robbins*, 528 U.S. 259, 285–86 (2000). If a petitioner fails to prove that she sustained prejudice, the Court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that the jury would have reached a different conclusion).

The Court finds that the Petitioner has the burden to establish that she is entitled to relief. *See Bevil v. United States*, No. 2:06-cr-52, 2010 WL 3239276, at *3 (E.D. Tenn. Aug. 16, 2010) (recognizing the "burden of proving ineffective assistance of counsel is on the petitioner"); *Douglas v. United States*, No. 2:05-cr-07, 2009 WL 2043882, at *3 (E.D. Tenn. July 2, 2009) (stating that "[w]hen a defendant files a § 2255 motion, he must set forth facts which entitle him to relief").

### A.    The determination of whether counsel was ineffective in failing to file a direct appeal requires a hearing

Bolton claims that she told her attorney that she wanted to file an appeal "immediately after sentencing," but that no appeal was filed, although the appeal filing

deadline did not expire for ten days thereafter. Bolton alleges that her attorney told her that she "could not file an appeal." The Government argues that Petitioner's assertion is too vague and unsubstantiated, and that she has not alleged that she "expressly requested an appeal." The Government also says that Bolton waived her right to file an appeal as part of her plea agreement.

The law controlling in the Sixth Circuit is clear:

> Despite the waiver [of appeal rights in a plea agreement] if counsel had ignored the defendant's express instruction to file an appeal, such action "amounts to a per se violation of the Sixth Amendment, and thus regardless of the merits of [defendant's] substantive claims" he would be entitled to relief under § 2255, if the district court determined on remand that there was an "actual request for an appeal."

*Campbell v. United States*, 686 F.3d 353, 359 (6th Cir. 2012); *see also Pola v. United States*, 778 F.3d 525, 532–33 (6th Cir. 2015).

Petitioner was represented by court appointed counsel Steven Shope. Mr. Shope may be called upon by the Court to testify at a hearing, and his testimony may or may not create a factual dispute. In a similar case involving a plea agreement and a waiver of appeal rights, the Court of Appeals for the Sixth Circuit stated:

> Although nothing in the record contradicts Campbell's [Petitioner's] assertion that he affirmatively expressed to counsel his desire for an appeal, the government has not conceded the point. Because the resolution of this factual issue is pivotal to Campbell's claims for relief, the district court must conduct an evidentiary hearing to determine if Campell in fact expressed the desire for an appeal as he now asserts.

*Campbell v. United States*, 686 F.3d 353, 360 (6th Cir. 2012).

4

Having reviewed the record and the relevant case law, the Court finds Petitioner is entitled to an **EVIDENTIARY HEARING**, pursuant to Rule 8 of the § 2255 Rules, limited solely to the issue of whether Bolton, in fact, did timely request that counsel file a direct appeal on her behalf. The parties will be afforded an opportunity to supplement the record with additional proof and other materials as provided in Rule 7 of the § 2255 Rules. Petitioner will be appointed counsel to represent her solely as to this issue.

> **B.** **Counsel was not ineffective for not objecting to the sufficiency of the Indictment**

Petitioner faults counsel for "failing to request a hearing regarding the sufficiency of the Indictment." The Court finds, however, that Bolton has not alleged any defect in the indictment. The Court further finds that the indictment in this case was facially valid, and there was no basis upon which counsel could have contested it. This claim is without merit.

> **C.** **Counsel was not ineffective regarding discovery**

Bolton claims that counsel failed to review with her the discovery materials provided by the Government. The Court finds, however, that she offers no explanation as to how viewing that discovery would have changed the outcome of her case, nor can she possibly establish prejudice from counsel's alleged omission. *See Buchanan v. United States*, No. 3:09-cr-38, 2014 WL 558671, at *2 (E.D. Tenn. Feb. 11, 2014) (Varlan, J.) (rejecting a claim that a defendant "lacked the information necessary for considering her options" where her "counsel [allegedly] failed to share discovery materials with her"). This claim is without merit.

### D. Counsel was not ineffective for not objecting to the § 851 enhancement

Petitioner faults counsel for not objecting to the § 851 notice. The Court finds, however, that Bolton has not identified any legitimate basis upon which counsel could have objected. The § 851 notice, which was timely filed before Bolton pleaded guilty, identified three prior convictions for "felony drug convictions" and thus properly subjected Bolton to an enhanced statutory mandatory minimum. A "felony drug conviction," for purposes of 21 U.S.C. § 841, is an offense "punishable by imprisonment for more than one year under any [state, federal, or international] law . . . that prohibits or restricts to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44). The record establishes that petitioner's prior drug convictions satisfied the definition of a "felony drug conviction." This claim is without merit.

### E. Counsel was not ineffective for not investigating whether Petitioner's prior convictions were misdemeanors

Petitioner claims that her prior drug convictions were misdemeanors under state law, not felonies, and counsel was ineffective for not investigating that possibility. The Court agrees with the government that it is irrelevant how those offenses were charged or classified under state law. Bolton was sentenced to terms of two and three years' imprisonment on her prior convictions, which means the offenses were punishable by at least one year and thus qualified as "felony drug convictions" for purposes of 21 U.S.C. § 841. This claims is without merit.

### F. Counsel was not ineffective with regard to the plea agreement

Petitioner claims that counsel failed to explain each paragraph of the plea agreement to her. The government is correct, however, that she has not alleged that the outcome of the proceedings would have been different had counsel done so. Moreover, the Court asked Bolton during the plea colloquy whether she had discussed the plea agreement with counsel and was satisfied with counsel's representation. Additionally, as required by Federal Rule of Criminal Procedure 11, the Court made certain that Bolton understood each of the rights she was waiving by pleading guilty, as well as the statutorily authorized penalties for her offense. "Solemn declarations in open court carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), so a "defendant is bound by [her] statements in response to that court's inquiry," *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *see also United States v. Rennick,*, 219 F. App'x 486 (6th Cir. 2007) (same). Petitioner's current assertion that counsel allegedly failed to explain the plea agreement to her is without merit.

### G. Counsel was not ineffective at sentencing

Petitioner argues that her attorney should have explained to her how to use her presentence interview with probation to advance "mitigating factors" that would reduce her sentence. Petitioner's counsel, however, did file a sentencing memorandum identifying various factors which arguably justified a lesser sentence. Bolton had an opportunity to allocute during sentencing to advise the Court of any mitigating facts. The Court imposed

7

a sentence below the advisory guideline range, based on its consideration of all the 18 U.S.C. § 3553(a) factors. This claim is without merit.

Petitioner also seems to argue that counsel should have objected to an alleged error "in determining that some . . . offenses would be grouped with others." The grouping rules in the Sentencing Guidelines apply only where a defendant is convicted of multiple offenses. Bolton was convicted of a single offense. Accordingly, no grouping error could have occurred, and counsel was not ineffective for failing to object to it. This claim is without merit.

Petitioner also criticizes her counsel for failing to object to her career-offender enhancement. The Court finds, however, that there was no legitimate basis upon which counsel could object. Bolton had at least two prior convictions for qualifying "controlled substance offenses." This claim is without merit.

In all other respects, either express or limited, Petitioner's § 2255 motion fails because Petitioner's conviction and sentence were not in violation of the Constitution or the laws of the United States.

Accordingly, the Court hereby **REFERS** this matter to the Honorable H. Bruce Guyton, United States Magistrate Judge, for an evidentiary hearing to determine whether Petitioner timely requested that Attorney Shope file a notice of appeal on her behalf. Magistrate Judge Guyton shall **APPOINT** counsel to represent Petitioner as stated herein. Further, in his report and recommendation, the magistrate judge shall include a

recommendation regarding a certificate of appealability on all issues raised in the § 2255 motion.

In addition, the Court hereby **ORDERS** that the United States Marshal, or his authorized deputy, transport Petitioner from her place of incarceration to Knoxville, Tennessee, allowing sufficient time for Petitioner to be available in Knoxville, Tennessee, to appear at any hearing set by Magistrate Judge Guyton and, if any attorney has been appointed, to meet with her attorney before the hearing.

IT IS SO ORDERED.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE