UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LARA BOLTON, )
)
Petitioner, )
)
v. )
) Nos. 3:12-CR-101-TAV-HBG
UNITED STATES OF AMERICA, ) 3:15-cv-209-TAV
)
Respondent. )

**REPORT AND RECOMMENDATION**

Petitioner Lara Bolton, a federal prisoner, has filed a *pro se* motion [Docs. 735 & 785] to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255, alleging that she received the ineffective assistance of counsel pretrial, with regard to her guilty plea, and at sentencing. On June 14, 2018, Chief United States District Judge Thomas A. Varlan issued a Memorandum and Order [Doc. 848], denying all of the Petitioner's allegations of ineffective assistance of counsel, except for her claim that counsel failed to file a direct appeal, which the Court found required an evidentiary hearing. Chief Judge Varlan referred [Doc. 848] the matter to the undersigned for the appointment of counsel and for an evidentiary hearing to determine whether Petitioner timely directed her prior counsel, Attorney Steven G. Shope, to file a notice of appeal on her behalf. The Court appointed [Doc. 849] Attorney Ruth Thompson Ellis to represent the Petitioner on this issue. On June 19, 2018, the undersigned stayed [Doc. 850] Chief Judge Varlan's Order to transport the Petitioner to this district, because Petitioner's counsel informed Chambers that the Petitioner would seek to withdraw her § 2255 motion.

On June 22, 2018, Petitioner Bolton filed a *pro se* Motion to Withdraw/Dismiss 2255 [Doc. 851], moving "to withdraw and dismiss without prejudice" her pending § 2255 motion.

On July 9, 2018, Attorney Ellis filed a Motion to Withdraw Claim [Doc.852] on Petitioner's behalf. This motion states that Petitioner Bolton seeks to withdraw her claim that Mr. Shope failed to file a timely direct appeal. The motion contends that the ends of justice will be served by granting the withdrawal. Attached to the motion is the Declaration of Lara Bolton in Support of Motion to Withdraw Claim [Doc. 852-1]. In this Declaration, Petitioner asks to withdraw her claim that Mr. Shope failed to timely file a direct appeal of her sentence. Petitioner also states that she has discussed the withdrawal of her claim with counsel and that she understands that if she is permitted to withdraw her claim, she will not be able to refile it or bring it at a later time. Petitioner Bolton signed the Declaration under penalty of perjury. *See* 28 U.S.C. § 1746.

## I. WITHDRAWAL OF CLAIM

The Court finds that the Petitioner has knowingly and voluntarily withdrawn the remaining claim raised in her § 2255 motion, namely the contention that Attorney Shope failed to timely file a direct appeal of her sentence. Accordingly, because the Petitioner is no longer pursuing the remaining claim in her § 2255 motion, the undersigned respectfully **RECOMMENDS** the District Judge grant Petitioner Bolton's withdrawal of this claim [Docs. 851 & 852**]** and dismiss this remaining portion of the § 2255 motion [Docs. 735 & 785] with prejudice.

## II. APPEALABILITY

The matter of whether the Petitioner may appeal the denial or dismissal of all of her claims of ineffective assistance of counsel is also referred [Doc. 848] to the undersigned. The Court is statutorily required to evaluate the appealability of its decision denying a § 2255 motion. 28 U.S.C. § 2253(c)(2) (providing that a "certificate of appealability may issue [in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional

2

right"). Section 2255(c) incorporates the old habeas procedure of issuing or denying a certificate of probable cause, now renamed a certificate of appealability, and codifies the standard for issuing a certificate of probable cause originally articulated in *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). 28 U.S.C. § 2253(c)(2); *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (per curiam). No § 2255 petitioner may appeal without this certificate. 28 U.S.C. § 2253(b). "A certificate of probable cause requires petitioner to make a 'substantial showing of the denial of [a] federal right.'" *Barefoot*, 463 U.S. at 893; *see also* 28 U.S.C. § 2253(c)(2). The standard is perhaps best phrased as follows:

> In requiring a "question of some substance," or a "substantial showing of the denial of [a] federal right," obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further."

*Gordon v. Willis*, 516 F. Supp. 911, 913 (N.D. Ga. 1980) (quoting *United States ex rel. Jones v. Richmond*, 245 F.2d 234 (2d Cir.), *cert. denied*, 355 U.S. 846 (1957)).

In this case, Petitioner's claims of ineffective assistance of counsel are clearly without merit, and she cannot present a question of some substance about which reasonable jurists could differ. With regard to the bulk of Petitioner's claims that counsel was ineffective, the Court finds that the Petitioner has failed to show any prejudice from counsel's alleged actions. Additionally, Petitioner has knowingly and voluntarily withdrawn her claim that counsel was ineffective for not filing a direct appeal. Thus, the undersigned finds that any appeal of the denial and/or dismissal of the Petitioner's claims would be frivolous and not taken in good faith. *See* Fed. R. App. P. 24(a) (requiring the district court to certify in writing whether an appeal would be taken in good faith). The undersigned therefore recommends that the Chief District Judge deny a certificate of

appealability and certify, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Petitioner is not taken in good faith and that she may not proceed on appeal *in forma pauperis*. *See United States v. Atkins*, 171 F.Supp.2d 769 (W.D. Tenn. 2001).

### III.  CONCLUSION

For the reasons discussed above, the Court **RECOMMENDS** that the Chief District Judge grant Petitioner's motions [Docs. 851 & 852] to withdraw her claim that counsel was ineffective because he did not file a direct appeal and dismiss this claim in her § 2255 motion [Docs. 735 & 785]. The Court also **RECOMMENDS** that no certificate of appealability issue for this case because Petitioner Bolton has failed to make a substantial showing of a violation of a constitutional right with regard to her claims of the ineffective assistance of counsel. The Court further **RECOMMENDS** that the Chief District Judge certify that any appeal in this matter by Petitioner would be frivolous and not taken in good faith, pursuant to Fed. R. App. P. 24(a).[1]

                                      Respectfully submitted,

                                      /s/ Bruce Guyton
                                      United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582, 587 (6th. Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).